IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAMES THURMAN DAUGHTIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-089 |
| | ) | |
| WARDEN ANDREW MCFARLAND; | ) | |
| PRISON CHAPLAIN/RELIGIOUS | ) | |
| SERVICES COORDINATOR; GEORGIA | ) | |
| DEPARTMENT OF CORRECTIONS; and | ) | |
| ANY OTHER IMPLICATED OFFICIALS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, commenced the above-captioned case *pro se* by filing a four-page typed complaint. (Doc. no. 1.) Because he did not submit the $405.00 filing fee or a motion to proceed *in forma pauperis* ("IFP"), on September 3, 2025, the Clerk of Court issued a deficiency notice. (Doc. no. 2; see also Loc. R. 4.1.) The deficiency notice explained Plaintiff had twenty-one days to pay the filing fee or submit an IFP motion. (Doc. no. 2.) On September 22, 2025, Plaintiff filed a motion to proceed IFP. (Doc. no. 3.) On September 24, 2025, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). (See doc. no. 4, pp. 1-3.) The Court also directed Plaintiff to submit an amended complaint within that same thirty-day period, noting

Plaintiff had not submitted his claims on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and thus he had not provided the information the Southern District requires.  (See id. at 3-5.)  Plaintiff was cautioned failure to respond would be an election to have this case voluntarily dismissed without prejudice.  (See id. at 5.)  The time to respond has passed, and while Plaintiff has submitted the IFP documents, he has not submitted an amended complaint as required by the Court's September 24th Order.  Nor has he provided the Court with any explanation why he has failed to amend his complaint.

     A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Also, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to comply with the Court's September 24th Order amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Plaintiff has been warned that failing to submit an amended complaint would be an election to have his case voluntarily dismissed. (See doc. no. 4, p. 5.) Because Plaintiff is proceeding IFP, the Court finds the imposition of monetary sanctions is not a feasible sanction. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of November, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA